NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2900
_____

GERALD GESIORSKI; DAWN GESIORSKI; LIL' BIT OF CHICACO, INC.,

Appellants

v.

BRANCH BANKING & TRUST COMPANY, f/k/a Carrol County Bank & Trust

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No.  1-12-cv-00449)
District Judge:  Honorable John E. Jones, III

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2013

BEFORE:  SLOVITER, JORDAN, and NYGAARD, *Circuit Judges*

(Filed: May 8, 2013 )

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Gerald and Dawn Gesiorski, and Lil' Bit of Chicago, Inc. appeal the District

Court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) brought by Branch

Banking & Trust Company. Appellants argue that the District Court erred by dismissing their claim for statutory damages under the Pennsylvania Mortgage Satisfaction Act. 21 P.S. § 721-6(d).[1] We will affirm.

There is no dispute that Appellants failed to pay the full mortgage obligation prior to foreclosure, making it impossible for them to prove "payment of the entire mortgage obligation and all required satisfaction and recording costs." 21 P.S. § 721-6(d). Appellants argue that the debt was constructively discharged under the Pennsylvania Deficiency Judgment Act (42 Pa.C.S. § 8103(b)), but there is no legal authority for the proposition that constructive discharge of the debt equates to "payment" of the mortgage for purposes of the Mortgage Satisfaction Act. Therefore, appellants could not and did not state a claim for damages under the referenced section of the Mortgage Satisfaction Act "that is plausible on its face." *Jones v. ABN Amro Mortgage Group, Inc.,* 606 F.3d 119, 123 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The District Court did not err.

For these reasons we will affirm the order of the District Court dismissing the claim with prejudice.

---

[1] Appellants did not appeal the denial of its claims for liquidated damages and attorney's fees.